# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0075**  (Webster County 15-F-12)

**Patricia Palmer,**
**Defendant Below, Petitioner**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Patricia Palmer, by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's July 17, 2015, order sentencing her to a cumulative term of incarceration of three to fifteen years of incarceration for her conviction of one count of conspiracy of operating or attempting to operate a clandestine drug laboratory and one count of operating or attempting to operate a clandestine drug laboratory. The State, by counsel Josiah M. Kollmeyer and David A. Stackpole, filed a response.[1] On appeal, petitioner argues that the circuit court erred in denying her motion for a judgment of acquittal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, the Webster County grand jury indicted petitioner on one count of conspiracy, in violation of West Virginia Code § 61-10-31; one count of operating or attempting to operate a clandestine drug laboratory, in violation of West Virginia Code § 60A-4-411; one count of possession of substances to be used as a precursor to the manufacturing of methamphetamine, in violation of West Virginia Code § 60A-10-4(d); and one count of possession of controlled substances with the intent to deliver, in violation of West Virginia Code § 60A-4-401(a). The charges stemmed from the allegations that petitioner and her co-defendants were manufacturing methamphetamine at her residence.

In April of 2015, petitioner's trial commenced. At trial, several witnesses testified that they observed the manufacture of methamphetamine at petitioner's residence and petitioner and her co-defendants in possession of methamphetamine-making ingredients. A number of police officers testified that they observed petitioner and her co-defendants engaged in the production

---

[1]Mr. Kollmeyer was permitted to participate in the filing of the State's brief pursuant to Rule 10 of the West Virginia Rules for Admission to the Practice of Law.

of methamphetamine at petitioner's residence and, during the raid on her home, discovered a pill crusher on the couch and a grocery list which listed an ingredient used in the production of methamphetamine. The investigating officer also testified that he gathered multiple samples from petitioner's residence, put the samples in a box, sealed and initialed the box and the evidence tape, and sent the box to the evidence laboratory. However, the investigating officer admitted that he put the incorrect date – August 7, 2015 – of the alleged crime on the laboratory submission date form. According to the expert forensic chemist, the package arrived at the laboratory and was not tampered with, and was sealed and bore someone's initials. Ultimately, the chemist concluded that the samples within the sealed box contained evidence of chemicals commonly associated with the production of methamphetamine from the August 7, 2015, investigation. Petitioner also testified that she bought ephedrine on the day police raided her residence, that she had a "plastic bottle with white gunk" in her hand when police arrived, and that she admitted that they "were just making some sh[**] to smoke." Thereafter, petitioner was convicted of one count of conspiracy to operate or attempting to operate a clandestine drug laboratory and one count of operating or attempting to operate a clandestine drug laboratory. By order entered on July, 17, 2015, the circuit court sentenced petitioner to a period of not less than one year nor more than five years of incarceration for conspiracy to operate or attempting to operate a clandestine drug laboratory and a consecutive sentence of two to ten years for operating or attempting to operate a clandestine drug laboratory. This appeal followed.

We have previously held as follows:

"In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 1, *State v. Blevins*, 231 W.Va. 135, 744 S.E.2d 245 (2013). On appeal, petitioner argues that the circuit court erred in denying her motion for a judgment of acquittal because the State did not establish every statutory element beyond a reasonable doubt. In addressing motions for judgment of acquittal, we have stated that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As to challenges to the sufficiency of the evidence, this Court has further explained that

"[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime proved beyond a reasonable doubt." Syllabus point 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 3, *State v. Horn*, 232 W.Va. 32, 750 S.E.2d 248 (2013).

Specifically, petitioner argues that the chemist's testimony should be viewed as not credible. The chemist testified that she tested multiple bottles from a sealed package, which indicated the presence of chemicals commonly associated with the production of methamphetamine; that the samples were collected from an investigation on August 7, 2015; and that the package was not tampered with and contained initials. The lead investigator's testimony corroborated the chemist's testimony in that he testified that he incorrectly listed August 7, 2015, on the laboratory submission form when the alleged crime actually occurred on August 14, 2015. The investigator also testified that he placed the samples in a box, sealed the box, and placed his initials on the box and the evidence tape. Based upon this testimony, we find no indication that the chemist's testimony was inherently incredible in this case. Further, the jury heard the testimony of petitioner that she bought ephedrine on the day police raided her residence, that she had a "plastic bottle with white gunk" in her hand when the police arrived, and that she admitted that they "were just making some sh[**] to smoke." "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rather, we are tasked with viewing the evidence in the light most favorable to the State and "credit[ing] all inferences and credibility assessments that the jury might have drawn in favor of the prosecution." *Guthrie*, 194 W. Va. at 663, 461 S.E.2d at 169, syl. pt. 3, in part. As such, it is clear that the State established the necessary elements of the crimes charged, and the circuit court did not err in denying petitioner's motion for a judgment of acquittal on these grounds.

For the foregoing reasons, the circuit court's July 17, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker